UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| IN RE<br>CNL HOTELS & RESORTS, INC.<br>SECURITIES LITIGATION | Case No. 6:04-cv-1231-Orl-31KRS<br>(Consolidated with 6:04-cv-1341-Orl-19JGG)<br><br>CLASS ACTION<br><br>**[Proposed] ORDER GRANTING FINAL APPROVAL OF THE SETTLEMENT, THE PLAN OF ALLOCATION AND AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES** |

**ORDER GRANTING FINAL APPROVAL OF THE SETTLEMENT, THE PLAN OF ALLOCATION AND AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

The Stipulation of Settlement, dated April 3, 2006 (the "Stipulation of Settlement") (capitalized terms herein shall have the same meaning as used in the Stipulation of Settlement unless otherwise indicated), the Plan of Allocation, Plaintiffs' Counsel's Petition for Award of Attorneys' Fees and Reimbursement of Litigation Expenses, and related items, having been presented at the Final Settlement Hearing on July 26, 2006 pursuant to the Preliminary Approval Order entered on April 24, 2006; and, the Court having determined that the Class Notice and Summary Notice were provided to the Class in accordance with the Preliminary Approval Order, and that said Class Notice meets the requirements of Federal Rule of Civil Procedure 23(e) and due process; and, the Parties having appeared by their attorneys of record and having been heard in support of the Stipulation of Settlement; and, an opportunity to be heard having been given to all other persons desiring to be heard as provided in and as scheduled by the Class Notice; and, the entire matter of the Settlement having been considered by the Court:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

## APPROVAL OF THE SETTLEMENT

1.  Class Notice and Summary Notice, substantially in the form attached as Exhibit 2 and Exhibit 3, respectively, to the April 24, 2006 Order Granting Preliminary Approval of the Class Action Settlement, have been mailed and/or published to the Class pursuant to and in the manner directed by the Preliminary Approval Order, proof of the mailing of the Class Notice has been filed with the Court by Complete Claim Solutions, Inc., proof of the publication of the Summary Notice has been filed with the Court by Co-Lead Counsel and a full opportunity to be heard has been afforded to all Parties, the Class, and persons in interest. The form and manner of the Class Notice and Summary Notice are hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with the requirements of due process and the notice requirements of the Federal Rules of Civil Procedure and any other applicable law.

2.  In the Preliminary Approval Order, the Court granted conditional certification of the Class. The Court now certifies the Class ("Class") as follows:

> (a)  Pursuant to Fed. R. Civ. P. 23(a) and (b)(2), a class of all persons who were entitled to vote on the proposals presented in the proxy statement filed with the SEC by CHR, dated June 21, 2004, as amended or supplemented by the additional proxy solicitation materials filed on July 7, July 8, and July 20, 2004 ("Proxy Class").
>
> (b)  Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), a class of all persons who purchased or otherwise acquired CHR securities issued or offered pursuant to or by means of CHR's registration statements and/or prospectuses between August 16, 2001 and August 16, 2004, inclusive ("Purchaser Class").

The Purchaser Class and the Proxy Class are collectively referred to as the Class. Each of the Purchaser Class and the Proxy Class shall exclude the Settling Defendants, the officers and directors of Settling Defendants, at all relevant times, members of each Individual Settling Defendants' immediate family, any entity in which any Settling Defendant has a controlling interest, and the legal

affiliates, representatives, heirs, controlling persons, successors and predecessors in interest or assigns of any such excluded person.

3. For purposes of the Settlement, the Court certifies the following as Class Representatives: the class representatives of the Proxy Class are Macomb County Employees' Retirement System ("Macomb County ERS") and Mary Campbell; and the class representatives of the Purchaser Class are Elizabeth Hawkins Barack Revocable Living Trust ("Barack Trust"), Raymond Roberts, Victor Libov, and Edwin Wong.

4. Lead Litigation Counsel has filed with the Court a list of persons who timely requested exclusion from the Purchaser Class ("Purchaser Class Opt-Outs") and that list is attached hereto as Exhibit A. Requests for exclusion were not permitted with respect to the Proxy Class, which is certified as a non-opt out class under Fed. R. Civ. P. 23(b)(2).

5. The Settlement as embodied in the Stipulation of Settlement is found to be fair, reasonable and adequate and in the best interests of the Class, and it is hereby approved. The signatories to the Stipulation of Settlement and their counsel are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions, and the Court will enter and docket this Order and Judgment dismissing this Action with prejudice ("Final Judgment").

6. If the Settlement does not become effective in accordance with the terms of the Stipulation of Settlement, then this Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation of Settlement and it shall be vacated and, in such

event, all orders entered and releases delivered in connection herewith shall be null and void, and the Judgments and Orders that have been vacated or expunged shall be reinstated *nunc pro tunc*.

7. Except as to any claims of the Purchaser Class Opt-Outs, the Action and the Class' claims contained therein, as well as all of the Settled Claims, are dismissed with prejudice. The persons listed on Exhibit A have timely excluded themselves from the Purchaser Class. These persons are not bound by this Final Judgment and Releases and shall not share in the benefits of the Settlement of the Action. All further references in this Final Judgment to "Class Members" exclude the persons listed on Exhibit A.

8. All Class Members will be subject to and bound by the provisions of the Stipulation of Settlement and this Final Judgment.

9. This Final Judgment enjoins and prohibits any Class Member from seeking to recover, directly or indirectly, against any Released Person based on the Settled Claims, and directs and orders that the Class may only seek execution on the Final Judgment to exercise the rights of recovery in accordance with the Stipulation of Settlement.

10. Upon the Effective Date, the Named Plaintiffs and each Class Member hereby fully, finally, irrevocably and forever release, relinquish, and discharge all Settled Claims against each of the Released Persons.

11. The foregoing Release shall not relieve any Released Person from fulfilling and fully and timely complying with all obligations that any Released Person has pursuant to the Stipulation of Settlement or the Notes. If any Released Person does not fully and timely comply with and fulfill its respective obligations as set forth in the Stipulation of Settlement or the Notes, the foregoing Release in no manner will insulate, estop, or impede the Class' claims for, and the enforcement of,

all of the Class' rights against such a Released Person to compel compliance with all terms of the Settlement.

12. Upon the Effective Date, each of the Released Persons hereby fully, finally, irrevocably, and forever releases, relinquishes, and discharges the Named Plaintiffs and Plaintiffs' Counsel, and the agents, experts, accountants, and consultants retained by Plaintiffs' Counsel in the course of this Action, from all claims including Unknown Claims arising out of, relating to, or in connection with the prosecution of the Action or Settled Claims.

13. Neither the Stipulation of Settlement, whether or not executed or consummated, nor any of its terms, provisions, or Exhibits, including the Plan of Allocation, nor any of the negotiations or proceedings connected with it, nor any other document created in connection with the implementation of the Settlement of this Action shall be:

    a. Construed as an admission of any sort whatsoever, or a finding of negligence or wrongful conduct, act, or omission, or useable for any purpose other than the enforcement of this Settlement, by any Party to this Stipulation of Settlement relating to any issue in the Action or Appeal or to any Settled Claim;

    b. Offered or received in evidence in the Action, or in any other action or proceeding between the Named Plaintiffs and any signatory to this Stipulation of Settlement, other than to effectuate or enforce the provisions of this Stipulation;

    c. Referred to by Plaintiffs' Counsel or Named Plaintiffs in a press release or other written publication primarily for the purpose of publicizing or promoting this Settlement, unless Plaintiffs' Counsel make a good faith

effort to provide a copy of such writing to CHR forty-eight (48) hours in advance of publication. The obligation with regard to publicizing or promoting this Settlement shall become null and void two (2) years from the Effective Date of this Stipulation. All communications by the Parties or their representatives, whether written or otherwise, concerning this Settlement shall be consistent with the terms and provisions of this Stipulation.

14. CHR shall timely deliver the Notes to Lead Litigation Counsel and fulfill its obligations thereunder.

15. The Court hereby finds that CHR's Board of Directors, or a committee thereof, has duly adopted the board resolutions provided for in Paragraphs II.D. and E. of the Stipulation, to become effective and implemented upon the Effective Date.

## **PLAN OF ALLOCATION IS APPROVED**

16. The Plan of Allocation, submitted concurrently with the Stipulation of Settlement and attached as Exhibit 1 to the April 24, 2006 Order Granting Preliminary Approval of the Class Action Settlement, is found to be fair, reasonable and adequate and in the best interests of the Purchaser Class, and it is hereby approved.

17. Each Member of the Purchaser Class will receive his, her or its distribution from the Net Settlement Fund in accordance with the Plan of Allocation based on the Investment Data mailed to the Purchaser Class concurrently with the Class Notice on May 12, 2006, unless the Purchaser Class member provides a Proof of Claim or corrected information no later than November 3, 2006, in the manner provided for in the Investment Data form.

18. Funds remaining in the Settlement Fund Account from uncashed checks or bad addresses which are, in the aggregate, not economical to redistribute to the Class shall be given to one or more 501(c) corporations selected by Co-Lead Counsel and approved by the Court.

19. CHR shall cooperate with Co-Lead Counsel and the Claims Administrator in responding to all reasonable requests for information in the possession, custody, or control of CHR, and needed to disseminate the Investment Data or to prepare the Plan of Allocation. Named Plaintiffs have retained a Claims Administrator to prepare, review, assess, disseminate, and process the Investment Data and claims of Purchaser Class members. In addition, within ninety (90) days before any distribution of the Net Settlement Consideration, if requested in writing by Co-Lead Counsel, CHR shall provide updated information in their possession, custody, or control relating to any address changes for the members of the Purchaser Class, or any redemptions of shares, transfers of shares, or sales or purchases in the secondary market by members of the Purchaser Class.

20. CHR agrees to make available to Co-Lead Counsel and the Claims Administrator engaged by Co-Lead Counsel the person(s) most knowledgeable from CHR or CHR's counsel with respect to the shareholder data specified in paragraph 19. Such person(s) shall have authority to assemble and transmit data to the Claims Administrator. CHR agrees that such person(s) will timely respond to requests for information and will work cooperatively with Co-Lead Counsel and the Claims Administrator from time to time as requested through final distribution of all settlement funds to Class members. CHR agrees that in the event that an original designee leaves CHR, has a change in responsibilities, or is no longer CHR's counsel that a new designee shall be appointed promptly.

21. Named Plaintiffs, the Class, Plaintiffs' Counsel, the Cash Settlement Fund, and the Claims Administrator's reliance on such Investment Data is reasonable.

22. Named Plaintiffs, the Class, Plaintiffs' Counsel, the Cash Settlement Fund, and the Claims Administrator shall be held harmless from any liability resulting from errors or inaccuracies in the Investment Data.

23. Settling Defendants and all Released Persons shall have no liability with respect to any claim arising out of the Plan of Allocation.

### APPROVAL OF ATTORNEYS' FEES AND EXPENSE PETITION

24. On account of the benefits conferred by virtue of the Settlement with respect to the Proxy Class and derivative claims, and in particular the benefits resulting from, without limitation, the modifications to the advisor fees, the revised merger terms, and the provisions relating to corporate governance as set forth in the Stipulation, Plaintiffs' Counsel are hereby awarded fees and reimbursable expenses in the aggregate total amount of $5,500,000 to be paid by CHR to Lead Litigation Counsel (on behalf of all Plaintiffs' Counsel) within ten (10) days after the Effective Date. Such awarded amount shall be inclusive of the amount advanced by CHR pursuant to section III.6 of the Stipulation.

25. With respect to obtaining, for the benefit of the Purchaser Class, the Settlement Consideration described in Section II.C. of the Stipulation of Settlement, Plaintiffs' Counsel are hereby awarded fees in the amount of 20% of all amounts paid into and earned by the Settlement Fund Account ($7,000,000) which shall be paid from the Settlement Fund Account, as each

installment of the Cash Settlement Fund Account is received and deposited in the Settlement Fund Account, and which Attorneys' Fees the Court finds to be fair and reasonable.

26. Co-Lead Counsel have reasonably allocated reimbursable litigation expenses in the amount of $256,867.07 to the Proxy Class and the amount of $683,754.91 to the Purchaser Class, which aggregate amount and allocation the Court finds to be fair and reasonable. The expenses in connection with the prosecution of the Purchaser Class claims shall be reimbursed to Plaintiffs' Counsel from the 2006 Cash Consideration, to be paid by CHR in January 2007 or after the Effective Date of this Settlement, whichever is later.

27. The Stipulation of Settlement contemplates that the Cash Settlement Fund shall be funded by CHR in three annual installments beginning January 2007 or the Effective Date, whichever is later. The Court hereby authorizes Co-Lead Counsel to pay from the Settlement Fund Account from time-to-time the reasonable costs of the administration and distribution of the Cash Settlement Fund, as well as pay taxes (including the cost associated with paying the taxes) due and payable on the Cash Settlement Fund and the interest that accrues thereon. Co-Lead Counsel is given the discretion and authority to allocate the costs and expenses incurred by or in connection with the Class Notice, Summary Notice and claims administration between the Purchaser Class and the Proxy Class. Co-Lead Counsel are given the discretion by this Court to distribute the Net Settlement Fund to the eligible members of the Purchaser Class in either one or more installments, based on Co-Lead Counsel's determination of the costs associated with one or more distributions. Co-Lead Counsel shall file a Distribution Report with the Court, reflecting the identities of the Purchaser Class Members who receive distributions and the amount of such distributions.

28. The Court will retain jurisdiction with respect to implementation and enforcement

of the terms of the Stipulation of Settlement, including but not limited to the resolution of any dispute or issue that may arise with respect to the payment and terms of the Notes, the implementation of the Plan of Allocation and distribution of the Net Settlement Consideration to the Purchaser Class Members.  All signatories to the Stipulation of Settlement hereby submit to the continuing jurisdiction of the Court for purposes of implementing and enforcing this Final Judgment and the Settlement embodied in the Stipulation of Settlement.

     **DONE** and **ORDERED** in Chambers, Orlando, Florida this 1st day of August, 2006.

                                        GREGORY A. PRESNELL
                                    UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented party